IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JEFFREY SPRIGGINS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No.** |
| vs. | § | |
| | § | |
| **GALVESTON COUNTY** | § | |
| **WATER CONTROL AND** | § | |
| **IMPROVEMENT DISTRICT NO. 1** | § | **TRIAL BY JURY DEMANDED** |
| **Defendant.** | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

JEFFREY SPRIGGINS, (hereinafter "Plaintiff"), files this Complaint against GALVESTON COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1 (hereinafter "Defendant") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about racial and religious discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e),et seq

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4. Plaintiff, JEFFREY SPRIGGINS, is a resident of Galveston County, Texas.

5. Defendant, GALVESTON COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1 is quasi- governmental entity authorized to do business in the state of Texas. Process may be served on General Manager David Paulissen at 2750 FM 517 East, Dickinson, Texas 77539.

## VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas, Galveston Division, in that the Defendant can be said to reside and/or do business in this district and Plaintiff worked for Defendant in Galveston County as required under 28 U.S.C. § 1391.

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq.*

8. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

9. All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue his claims.

10. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about June 8, 2015.

11. On April 19, 2016, the EEOC issued Plaintiff a Notice of Right to Sue letter, entitling him to file suit on his claims of discrimination based on retaliation.

12. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

On information and belief, Plaintiff alleges the following facts:

13. Plaintiff began working for Defendant on June 29, 1988 as a Maintenance Crew Chief.

14. Plaintiff is African-American.

15. Plaintiff's religious affiliation is Baptist.

16. Plaintiff, at all applicable times, performed his job duties as a Maintenance Crew Chief in a competent and professional manner.

17. During his employment, Plaintiff was subjected to discrimination because of his race, African-American, in that, Plaintiff was not selected for promotion to the position of Superintendent, and a less-qualified Caucasian received the position

18. During his employment, Plaintiff was subjected to discrimination because of his race, African-American, in that Plaintiff was terminated for actions for which other, similarly situated Caucasian employees were not terminated. In particular, Plaintiff was terminated

      for failure to make a report to a regulatory agency when Caucasian employees were not terminated for similar offenses.

19. During his employment, Plaintiff was subjected to discrimination because of his religious affiliation, Baptist, in that he was verbally abused and harassed for his religious beliefs by HR Supervisor Nancy Click. In particular, Ms. Click berated Plaintiff about the provisions of the Ten Commandments and their applicability to Plaintiff's personal life.

20. As a result of Plaintiff's religious affiliation, Ms. Click, the HR Supervisor took an active role in lobbying Defendant's management to terminate Plainiff.

21. On April 17, 2015 Plaintiff was terminated from his employment with the Company.

## COUNT I

### EMPLOYMENT DISCRIMINATION BASED UPON RACE

22. Plaintiff re-alleges and incorporates into Count I .paragraphs 13-21.

23. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII of the Civil Rights Act of 1964, as amended.

24. Defendant, acting by and through its employees, maintained a policy of harassment and created a hostile working environment in violation of the foregoing statute against Plaintiff.

25. If Plaintiff had not been African-American, he would not have been passed over for promotional opportunities.

## COUNT II

### EMPLOYMENT DISCRIMINATION BASED UPON RELIGIOUS AFFILIATION

26. Plaintiff re-alleges and incorporates into Count II .paragraphs 13-21.

27. Defendant, acting by and through its employees, discriminated against Plaintiff because of his religious affiliation in violation of the foregoing statute.

28. If Plaintiff had not been Baptist, he would not have been discriminated against.

## COUNT III

### TERMINATION OF EMPLOYMENT BASED UPON RACE

29. Plaintiff re-alleges and incorporates into Count II .paragraphs 13-21.

30. Defendant, acting by and through its employees, terminated Plaintiff's employment in violation of the foregoing statute against Plaintiff.

31. If Plaintiff had not been African-American, he would not have been terminated.

## COUNT IV

### TERMINATION OF EMPLOYMENT BASED UPON RELIGIOUS AFFILIATION

32. Plaintiff re-alleges and incorporates into Count II .paragraphs 13-21.

33. Defendant, acting by and through its employees, terminated Plaintiff's employment in violation of the foregoing statute against Plaintiff.

34. . If Plaintiff had not been Baptist, he would not have been terminated.

### DAMAGES

35. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including, but not limited to unreimbursed medical bills and emotional distress.

### EXEMPLARY DAMAGES

36. Defendant's actions were intentional, willful, harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered severe financial damages. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

### ATTORNEY'S FEES

37. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

### JURY DEMAND

38. Plaintiff hereby makes his request for a jury trial.

### PRAYER

39. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment Interest on Back Pay;

    c. Front Pay;

    d. Compensatory Damages, including but not limited to damages for diminished salary expectations; unreimbursed medical expenses and emotional distress;

    e. Punitive Damages;

    f. Injunctive and Affirmative Relief;

    g. Attorney's Fees and Costs;

    h. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

June 14, 2016

                                                              Respectfully submitted,

                                                              */s/ John C. Lipps*
                                                               John C. Lipps
                                                               TX Bar #00793134
                                                                Federal Bar#246689
                                                                Email: john.lipps@coane.com
                                                                Bruce A. Coane
                                                                TX Bar #04423600
                                                                S.D. TX #7205
                                                               Email: bruce.coane@gmail.com
                                                               **Coane and Associates, PLLC**
                                                                5177 Richmond Ave., Suite 770
                                                                Houston, TX 77056
                                                                Telephone: 713-850-0066
                                                                Facsimile: 713-850-8528
                                                                **Attorneys for Plaintiff**